Dorothy POTTER, Plaintiff-Appellant,

v.

GOODWILL INDUSTRIES OF CLEVE-
LAND, Defendant-Appellee.

No. 75–1146.

United States Court of Appeals,
Sixth Circuit.

July 18, 1975.

Jane M. Picker and Barbara H. Mitchell, Cleveland, Ohio, for plaintiff-appellant.

Peter J. Krembs, Ford, Howland, Whitney & Haase, Cleveland, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, McCREE, Circuit Judge, and FEIKENS*, District Judge.

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

PER CURIAM.

This appeal from the dismissal of a complaint alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e *et seq.,* requires us to determine whether the district court correctly applied to the evidence adduced at trial the shifting burdens of proof articulated by the Supreme Court in *McDonnell Douglas Corp.* v. *Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Specifically we are asked to determine whether a Title VII plaintiff, in order to establish a prima facie case must establish that the wrong allegedly committed was based on an impermissible motivation.

This case arose out of a complaint that appellant was not furnished a stool that she claimed was necessary for her to sit on to perform her job and that she was eventually terminated from her job because of her race which is Negro. At trial plaintiff showed that she was unable to perform her job without a stool because of a physical disability, that she was not able to obtain a stool all of the time, and that a white woman who was also not able to perform a similar job without a stool because of a physical disability was furnished one. She also testified that she was terminated from her job because of her race and because of her political activity, and evidence was adduced that the appellee solicited applicants for the position vacated. She did not, however, adduce direct evidence that because of an impermissible racial motivation the defendant failed to furnish her a stool and terminated her employment.

 *McDonnell Douglas* discloses that a plaintiff who alleges discrimination in conditions of employment must demonstrate, in order to make out a pri-ma facie case, only that he is a member of a class entitled to the protection of Title VII, and that he is accorded treatment different from that accorded persons otherwise similarly situated who are not members of the class. And, in order to make out a prima facie case of discriminatory discharge, a Title VII plaintiff must show only that he is a member of a class entitled to the protection of the Civil Rights Act, that he was discharged without valid cause, and that the employer continued to solicit applications for the vacant position.

 In this case, we hold that plaintiff established a prima facie case by demonstrating that she is a Negro, that because of her physical disability she needed a stool in order to perform her job, that she did not always have a stool, and that a white woman who also needed a stool to perform her job was always afforded one.

 Although the district court, in its oral opinion, erroneously stated that plaintiff had not made out a prima facie case of discrimination in conditions of employment, we conclude that it did not err in dismissing the complaint after hearing all the evidence adduced at trial. The court, upon consideration of the entire record, expressly determined that even if plaintiff had established a prima facie case, the defendant rebutted the demonstration by showing that it had provided plaintiff with a stool during her employment, that it was not responsible for the stool's disappearance at times, and that plaintiff's employment was terminated because of her apparent unwillingness and inability to perform available tasks. These findings are not clearly erroneous.

Upon consideration and finding no other error, the judgment is affirmed.