**Barbara MARKS and Shirley Johnson, Plaintiffs-Appellees,**

v.

**PRATTCO, INC., Defendant-Appellant.**

No. 79–1394.
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1979.

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

Jim Jameson, James Ray Claunch, Fort Worth, Tex., for defendant-appellant.

Charles Padorr, Don Gladden, Fort Worth, Tex., for plaintiffs-appellees.

Before CHARLES CLARK, GEE and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Prattco, Inc. operates a Holiday Inn in Fort Worth, Texas. Appellees Barbara Marks and Shirley Johnson are black women who were employed in the Inn's housekeeping department. On November 17, 1974, Kathy Mendoza, the newly hired head of the housekeeping department, held a staff meeting at which she fired Marks, Johnson and three other black women. The remaining four women, all of whom are white, were retained. Within 5 days, Johnson and Marks were replaced by two white women.

Marks and Johnson duly filed complaints with the EEOC and, after a hearing, were issued right to sue letters. In 1975 an action was commenced in the United States District Court for the Northern District of Texas. The district court found that appellees had established a prima facie case of employment discrimination and that appellant had failed to carry its burden of demonstrating a legitimate business purpose for discharging them. Both Marks and Johnson were awarded back pay and attorneys' fees.

Appellants now argue that the district court committed five errors: (1) the court erred in finding that appellees had established a prima facie case of discrimination; (2) the awards of back pay were improper in light of appellees' failure to seek rein-

statement; (3) the award of attorneys' fees was neither necessary nor reasonable; (4) the court erred in admitting into evidence certain of appellees' exhibits; and (5) the court erred in allowing appellees to amend their complaint after the statute of limitations had expired. We affirm.

### I. *The Prima Facie Case.*

■ In a Title VII suit, the plaintiff carries the burden of establishing a prima facie case of employment discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In *McDonnell Douglas*, the Supreme Court set forth the elements of a prima facie case where the suit is based on an employer's refusal to hire. Although the *McDonnell Douglas* formulation has not explicitly been held applicable to discharge cases in this Circuit, we now join the Eighth, Seventh and Sixth Circuits in so holding. *See Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277, 1281 n.3 (7th Cir. 1977); *Garrett v. Mobil Oil Corp.*, 531 F.2d 892, 895 (8th Cir.), *cert. denied*, 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976); *Potter v. Goodwill Industries*, 518 F.2d 864, 865 (6th Cir. 1975). Thus, appellees were required to show: (1) they are members of a protected minority; (2) they were qualified for the jobs from which they were discharged; (3) they were discharged; and (4) after they were discharged their employer filled the positions with nonminorities.

■ The evidence at trial established that appellees are members of a protected minority, that they were both discharged, that they were qualified to fill the positions from which they were discharged, and that they were replaced with white women. Appellant does not suggest that any of the district court's findings of fact were clearly erroneous. *See Armour v. City of Anniston*, 597 F.2d 46, 48 (5th Cir. 1979); Fed.R. Civ.P. 52(a). Accordingly, the finding that appellees fulfilled their burden of establishing a prima facie case of discrimination must be left undisturbed.[1]

### II. *The Back Pay Awards.*

■ Appellant next contends that the awards of back pay were improper since neither Marks nor Johnson applied for reinstatement at the Holiday Inn. We have on numerous occasions stated that "[o]nce a court has determined that a plaintiff or complaining class has sustained economic loss for a discriminatory employment practice, back pay should normally be awarded unless special circumstances are present." *Pettway v. American Cast Iron Co.*, 494 F.2d 211, 252–53 (5th Cir. 1974); *accord, Parson v. Kaiser Aluminum & Chemical Corp.*, 575 F.2d 1374, 1391 (5th Cir. 1978); *James v. Stockham Valves & Fittings Co.*, 559 F.2d 310, 357 (5th Cir. 1977), *cert. denied*, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978); *Carey v. Greyhound Bus Co.*, 500 F.2d 1372, 1378 (5th Cir. 1974). The Supreme Court has itself indicated that the trial court's authority to deny back pay is narrow: "backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975) (footnote omitted). Appellant has cited us to no authority in this Circuit to support its position that an award of back pay is improper unless reinstatement was sought by the discharged employees. Neither has appellant suggested any "special circumstances" which would make an award of back pay improper in this case.

■ While the district court's decisions to award back pay was correct, we conclude that the court erred in its determination of the amount of the award. Back pay awards in Title VII suits are governed by 42 U.S.C.A. § 2000e–5(g), which provides that "*[i]nterim earnings or amounts earnable with reasonable diligence . . . shall operate to reduce the back pay other-*

---

1. Once a prima facie case has been established, the burden shifts to the employer to show a legitimate nondiscriminatory reason for the fir-

ing. *Adams v. Reed*, 567 F.2d 1283, 1285 (5th Cir. 1978). Appellant does not contend that it carried this burden at trial.

wise allowable." (emphasis added). Since the district court's order merely recites the total amounts awarded to appellees, we have no way of knowing whether and to what extent interim earnings and amounts earnable with reasonable diligence were considered by the court in computing the awards. Accordingly, we remand so that the district court may hold a hearing and enter a more detailed order with respect to the amount of back pay due appellees.

### III. *Attorney's Fees.*

■ In a rather cryptic manner, appellants allege that the award of $4,200 in attorneys' fees was neither necessary nor reasonable. The award and amount of attorneys' fees in Title VII actions is left to the sound discretion of the district court. *Claiborne v. Illinois Central R.R.*, 583 F.2d 143, 155 (5th Cir. 1978). Under the standards articulated in *Johnson v. Georgia Highway Express Co.*, 488 F.2d 714 (5th Cir. 1974), this award was well within the discretion of the district court.

### IV. *The Exhibits.*

■ Appellant contends that the district court erred in admitting pages 18–21 of appellees' exhibits 2 and 6. These pages were copies of information sheets filled out by Prattco in response to a request by the EEOC. They were part of the EEOC file compiled as a result of the agency's investigation into the firing of Marks and Johnson. At trial, Melva Best, the EEOC employee who participated in the investigation of Prattco and who requested the information from Prattco, testified to the authenticity of the copies. These documents are public records within the meaning of Fed.R. Evid. 803(8). There having been no showing of circumstances indicating lack of trustworthiness, the admission into evidence of pages 18–21 of exhibits 2 and 6 was proper.

### V. *The Amended Complaint.*

■ In their original complaint, appellees named Holiday Inn (Northeast) as the defendant. On June 6, 1977, after the applicable statute of limitations had expired, appellees moved for and were granted permission to amend their complaint to substitute the name Prattco, Inc. for Holiday Inn (Northeast). Appellants' position is that the statute of limitations and the doctrine of laches should have barred the amendment.

Fed.R.Civ.P. 15(c) provides that an amended complaint changing the name of a party relates back to the date of the original pleading if three requirements are met: (1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; (2) "the party to be brought in by amendment . . . has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and (3) "the party to be brought in by amendment . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Fed.R.Civ.P. 15(c).

This is not a case where the plaintiff, by amending the complaint, seeks to substitute a new defendant. Appellees originally named Holiday Inn (Northeast) not knowing that, while they had in fact worked for a business known as the Holiday Inn, that business was wholly owned by Prattco, Inc. and was being operated under the name Holiday Inn pursuant to an agreement between Prattco and Holiday Inn of Memphis, Tennessee. While we do not approve of appellees' failure to promptly cure their mistake, there is no evidence in the record tending to show that Prattco was in any way prejudiced by the mistake. Not only did Prattco participate in the EEOC hearings, its answer filed in response to appellees' original complaint makes it clear that Prattco was aware of the lawsuit long before the statute of limitations had expired. *See* Record at 5–6. Accordingly, we affirm the district court's order granting appellees' motion for leave to file an amended complaint.

Our affirmance of the district judge's denial of the motion to dismiss ought not be taken as approval of the conduct of the litigation by counsel for the plaintiffs. It does appear that the case was originally brought, in good faith, against the defendant, identified only by its trade name. The record further discloses, however, that there was a change of attorneys for the plaintiff, and that when the new attorneys took over the litigation, they were advised that an amendment to the name of the defendant ought to be filed, but did nothing until eleven months after taking charge of the case to tender the needed amendment. In the meantime, the statute of limitations had run and their only chance of maintaining their clients' claims was the doctrine of relation back, discussed above. While the issue is not before us, it is at least reasonable to believe that, had the trial judge found that doctrine not applicable in the instant case, such a finding would have been difficult to overturn through an appeal to this Court. The fact that thin ice did not break in this case is not to be taken as our encouraging other skaters to venture upon it in the future.

 Finally, in a closely related argument, Prattco suggests that appellees' failure to name the correct party in their EEOC complaint constitutes failure to comply with the procedural requirements of Title VII. We have found no support for this argument, and in light of the fact that Prattco participated in the EEOC hearings, *see* Record at 43, we find it to be without merit.

AFFIRMED in part; REMANDED in part.