**Dora RAMIREZ, Plaintiff,**

v.

**Robert BURR, et al., Defendants.**

**Civ. A. No. V–82–2.**

United States District Court,
S.D. Texas,
Victoria Division.

May 7, 1984.

Viviana S. Cavada, Cavada & Santiago, Victoria, Tex., for plaintiff.

R.D. Cullen, Cullen, Carsner, & Seerden, Victoria, Tex., for Marvin Lockhart, Commissioner, Norman Jones, County Judge.

Tom Garner, Jr., Garner & Roberts, Port Lavaca, Tex., for Robert Burr, Individually, Johnny Williams, Golden Crescent Regional Planning Commission—substituted, Harrison Stafford, II, Charles C. Carsner, Jr., Sam Seals, County Judge, Itasca Stafford,

H.O. Gibson, Robert Kubena, Robert Sheppard, County Judge, Carroll Wiley, Mayor, Frances Strauss, Mayor, Gene Hobbs, Mayor, Mitchell Harbus, Mayor, Jewel Fisher, H.H. Vollentine, Judge, Alvin Hahn, Hernan Jaso, Mayor, Wilber Roznovsky, Judge, Tom Garner, Jr., Harry Meyer, Mayor, Rayburn Haynie, Mayor; Members of Board of Directors, in their Individual and Official Capacities, Patrick Kennedy, Mayor Shirley Young, Commissioner John Hammack, Dr. Marvin Kirkmann, Commissioner Harold Heyer, Judge John Barnhill, Councilwoman Cheryl Taylor, Commissioner Welly Gibson, Commissioner Lester Rogers, Lorrian Jones, Giles Joe Birchum.

### ORDER

KAZEN, District Judge.

This Court held a hearing on February 16, 1984, on Defendants' motion for summary judgment and Plaintiff's motion for partial summary judgment. The Court issues this Order after considering the evidence and arguments on file, the evidence and arguments submitted at the hearing, and the supplemental records submitted after the hearing.

■ Rule 56, Fed.R.Civ.P., provides that summary judgment is appropriate only if it appears from the pleadings and documents on file that (1) no genuine dispute as to material facts exists, and (2) undisputed facts entitle the moving party to judgment as a matter of law. That the non-movant is unlikely to prevail at trial or that the movant's facts appear more plausible are not reasons to grant summary judgment. *Jones v. Western Geophysical Company of America,* 669 F.2d 280, 283 (5th Cir.1982). The Court has no duty to weigh the evidence, assess its probative value, or decide the factual issues; its responsibility is only to determine whether there is an issue of fact to be tried. *Id.* Summary judgment should be granted only when the truth is clear and no genuine factual issue remains for trial. *Strafford v. United States,* 611 F.2d 990, 993 (5th Cir.1980). Furthermore, the Court must consider the whole file and not just the portion highlighted by the motion itself.

*Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980).

■ First, Defendants assert that the statute of limitations bars claims against the Defendant Board members. Ramirez did not name them when she filed her complaint. Rather, her original complaint listed "unnamed Board members" as Defendants. The Board members assert that claims against them are barred by limitations because Ramirez did not amend her complaint to include them by name during the 90-day filing period allowed by her E.E.O.C. right-to-sue letter. This claim is clearly without merit as to the Board members in their official capacities because Plaintiff may sue them in that capacity by "title rather than by name". F.R.Civ.P. 25(d)(2).

■ Further, Defendants' assertion is also without merit as to the Board members in their individual capacities. Rule 15(c) "provides that an amended complaint changing the name of a party relates back to the date of the original pleading if three requirements are met," *Kirk v. Cronvich,* 629 F.2d 404, 407 (5th Cir.1980, citing *Marks v. Prattco, Inc.,* 607 F.2d 1153, 1156 (5th Cir.1979)), and the Defendants are notified of the action within the limitations period. *Id.* First, the claim in the amended pleading must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." F.R.Civ.P. 15(c). This is clearly true here since the original and amended complaints address the same allegedly discriminatory firing.

■ Second, the party to be added by amendment must receive notice of the institution of the action so that he will not be prejudiced in maintaining his defense on the merits. Rule 15(c) does not require actual notice. "Where service of the original complaint is perfected upon an agent of a party sought to be brought in by amendment, there is adequate notice of the action to that party." *Id.* at 407. Here, the director of the agency was served within the ninety (90) day time frame. He was an agent of the Board members, so service upon him was adequate notice to them. "Furthermore ... the requisite notice of an

action can be imputed to a new defendant through his attorney who also represented the party or parties originally sued." *Id.* at 408. Here, all Board members except Lockhart and Jones are represented by Tom Garner. Garner has represented the Council, the executive director, and Plaintiff's supervisor since Ramirez filed her original complaint against them.

■ Rule 15(c) also requires that the "party to be brought in by amendment ... knew or should have known that ... the action would be brought against him." Ramirez sued the Council, under its former name. Since the complaint specified that the other unknown Defendants were members of the Council's Board of Directors, in their individual and official capacities, the Court finds that the Board members knew or should have known that the action would be brought against them. Furthermore,

[s]ince the effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, i.e. to avoid undue surprise, to permit investigation and collection of evidence while it is fresh, and other similar considerations.

*Id.* at 408. These considerations are similar to the requirement that parties to be added receive such notice so that they will not be prejudiced in defending on the merits. The Board members could not have been prejudiced through loss of evidence or undue surprise because the Council and its employees, who are represented by the Board members' attorney, could and have taken steps to adequately investigate the claim.

■ The Defendant Board members also move for summary judgment because they claim that they were not personally involved in the actions that allegedly harmed Ramirez. Of course, to the extent that she alleges a cause of action for back pay under Title VII, the Board members are not personally liable. *Clanton v. Orleans Parish School Board,* 649 F.2d 1084, 1099 (5th Cir.1981).

■ Board members can be liable in their individual capacities, however, if their actions violated Ramirez' constitutional rights, as protected by §§ 1981 and 1983. *Id.* Therefore, the Board members' motion for summary judgment to defeat liability in their individual capacities has merit as to the Plaintiff's Title VII claims, but not as to her valid §§ 1981 and 1983 assertions.

■ Several of Ramirez' §§ 1981 and 1983 claims, however, fail. "Remedies for employment discrimination under 42 U.S.C. § 1981 are considered only if the plaintiff asserts claims on grounds different from those underlying the Title VII claims." *Parson v. Kaiser Aluminum & Chemical Corp.,* 727 F.2d 473, 475 n. 1 (5th Cir.1984). The same is true of claims under § 1983. *Carpenter v. Stephen F. Austin State University,* 706 F.2d 608, 612 n. 1 (5th Cir.1983); *Rivera v. City of Wichita Falls,* 665 F.2d 531, 534 n. 4 (5th Cir.1982). Under this rule, Ramirez cannot obtain relief under §§ 1981 or 1983 for 1) denial of a raise equivalent to those given to Anglo counsellors because of a management study, 2) retaliation for filing with the E.E.O.C. in December, 1980 and 3) termination of her job because she is Mexican-American.

■ Ramirez further alleges that the retaliation against her for filing E.E.O.C. complaints also implicates her First Amendment rights to free speech and to petition the government. Therefore, she asserts claims for retaliation both under Title VII and under § 1983. It is not clear if these two claims are co-extensive, so the Court will not grant Defendants' motion for summary judgment on these claims.

■ Finally, Ramirez claims that the Board's failure to provide her with a hearing violated her due process rights. This § 1983 claim is independent of her Title VII claims and survives Defendants' motion for summary judgment. *See Carpenter,* 706 F.2d at 630.

■ Plaintiff moves for summary judgment because Defendants dismissed her summarily without notice or hearing. She claims that the summary dismissal deprived her of a property right without due process of law, in violation of the Four-

teenth Amendment of the United States Constitution. Since Plaintiff has not established that she had an entitlement to her job, *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Bueno v. City of Donna,* 714 F.2d 484, 491–2 (5th Cir.1983), the Court cannot grant her summary judgment on this issue.

It is ORDERED that the Board members' motion for summary judgment on the Title VII claims against them in their individual capacities is GRANTED. The Board members' motion for summary judgment on the §§ 1981 and 1983 claims is granted for Ramirez' claims about 1) denial of a raise equivalent to that given to Anglo counsellors, 2) retaliation for filing with the E.E.O.C. in December 1980, and 3) termination of her job because she is Mexican-American is GRANTED. In all other respects, their motion for summary judgment is DENIED. The Plaintiff's motion for partial summary judgment is DENIED.