Larry PURCELL, Plaintiff,

v.

**B.F. GOODRICH COMPANY,**
Defendant.

No. 86–2550C(6).

United States District Court,
E.D. Missouri, E.D.

May 11, 1987.

James P. Holloran, St. Louis, Mo., John Landwehr, Cook, Vetter & Doerhoff, Jefferson City, Mo., for plaintiff.

Kenneth W. Bean, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendant.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that defendant's motion for summary judgment is denied.

Plaintiff Larry Purcell brought this action to recover damages from defendant B.F. Goodrich Company for injuries suffered in an automobile accident on May 19, 1980. Plaintiff alleges that either his car's right front tire, manufactured by the defendant, was defective and blew out or lost pressure rapidly at the time of the accident, causing him to collide with another vehicle.

Defendant answered, denying liability for the accident, and has moved the Court for summary judgment. In support of its motion, defendant submitted portions of the transcript from a trial in the Circuit Court for the City of St. Louis arising out of the same incident. Defendant's expert witness in the Circuit Court trial testified that the tire was not defective and did not cause the automobile accident. In opposition to the motion, plaintiff submitted the affidavit of his expert, who avers that his review of the evidence leads him to conclude that immediately before the accident plaintiff's right front tire either blew out or lost pressure rapidly, causing the accident.

The competing sworn testimony evidences a genuine dispute as to whether the tire was defective and thereby caused the accident. There is no fact more material to the outcome of the case. Accordingly, the Court denies defendant's motion.

Summary judgment is an extreme remedy, granted only when the defendant shows there is no genuine issue as to any material fact. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076 (8th Cir.1980); *Avenson v. Zegart*, 577 F.Supp. 958 (1984). A court must review all the materials offered in support of summary judgment in the light most favorable to the non-moving party. *Lang v. New York Life Ins. Co.*, 721 F.2d 118 (3rd Cir.1983); *Buller v. Buechler*, 706 F.2d 844 (8th Cir.1983). The Court will grant a motion for summary judgment only if there is no evidence to sustain a recovery and the movant is entitled to judgment as a matter of law. *Portis v. Folk Construction Co.*, 694 F.2d 520 (8th Cir.1982); *Lyons v. Board of Education of Charleston Reorganized School District No. 1 of Mississippi County, Missouri*, 523 F.2d 340 (8th Cir.1975).

Defendant B.F. Goodrich is a designer, manufacturer, and seller of automobile tires. Sometime prior to May 19, 1980

plaintiff's father purchased tires manufactured by the defendant and had them mounted on the car involved in the accident. The tires had been driven only a few thousand miles when the automobile accident occurred on May 19, 1980. Plaintiff suffered severe injuries and required hospitalization as a result of the accident.

Plaintiff contends that immediately preceding the accident as he was passing another vehicle on the highway the right front tire on his car blew out or lost pressure rapidly, causing plaintiff to lose control of his automobile and collide with the other vehicle. Plaintiff claims the right front tire was defective and brought suit against the defendant alleging: (1) negligence in the design and manufacture of the tire, (2) breach of implied warranty of fitness, (3) breach of implied warranty of merchantability, and (4) strict liability.

Defendant asserts that the tire did not blow out or lose pressure, and that the accident was caused by plaintiff's own negligence in passing the other vehicle.

In support of its claim B.F. Goodrich submitted a copy of a deposition taken from an expert witness for a previous trial arising out of the same accident. The expert testified that the accident was not caused by a blow out. He stated that the accident was a result of plaintiff's negligence, and that the tire blew out as a result of the accident, not before it. Defendant argues that since an expert has already commented on the cause of the accident, there is no dispute as to the defendant's liability and that summary judgment is appropriate.

In opposition to defendant's motion plaintiff submitted an affidavit which states that the defective tire caused the accident. Plaintiff argues that summary judgment is inappropriate since there is still an issue whether the tire was defective.

The Federal Rules of Civil Procedure permit a Court to grant summary judgment if there are no material facts in dispute. When a party moves for summary judgment the non-moving party has the burden of rebutting the motion with more than allegations in the complaint. The plaintiff must present specific evidence indicating that there remains an issue to be tried. *See generally* 10A C. Wright, A. Miller & M. Kane *Federal Practice and Procedure* § 2722 (1983 & Supp.1986). The burden on the non-moving party is not a heavy one; the party is simply required to show specific facts, as opposed to general allegations, that present a genuine issue of fact. *Fireman's Ins. Co. of Newark, New Jersey v. DuFresne,* 676 F.2d 965 (3rd Cir.1982); *McDonnell v. Flaharty,* 636 F.2d 184 (7th Cir.1980).

The Federal Rules of Civil Procedure expressly provide that a court may use depositions in considering whether to grant summary judgment. Fed.R.Civ.Pro. 56(c). Depositions are considered one of the best forms of evidence supporting or opposing a motion for summary judgment. 10A C. Wright, A. Miller & M. Kane *Federal Practice and Procedure* § 2722 (1983 & Supp. 1986).

Once B.F. Goodrich submitted the deposition of its expert in the Circuit Court and moved for summary judgment, plaintiff carried the burden of producing some evidence that a genuine issue of fact remained to be tried. The affidavit of plaintiff's expert satisfied that burden. The affidavit provides more than a general allegation against defendant, for it specifically states that the tire blew out or lost pressure and caused the accident. This statement is sufficient to establish a factual controversy. Although the affidavit is somewhat meager in its description of the cause of the accident and the qualifications of the affiant, it is sufficient evidence of an existing controversy to deny summary judgment. An affidavit need only contain a statement of the affiant that he has personal knowledge of the situation and that he is competent to rule on the issue. *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.,* 576 F.Supp. 312 (1983).

In ruling on a motion for summary judgment, a court should draw from an opposing party's affidavit all permissible inferences and resolve any doubts as to the validity of an affiant's credibility at a later date. *Orshan v. Anker,* 489 F.Supp. 820

(1980). A court has no duty to weigh the evidence offered by the parties and must only determine whether a factual issue remains. *Jones v. Western Geophysical Co. of America,* 669 F.2d 280 (5th Cir.1982); *Ramirez v. Burr,* 607 F.Supp. 170 (1984).

Plaintiff's expert avers that he examined the available evidence and that he is qualified to give an opinion on the issue whether the tire was defective. Since the affidavit meets the necessary requirements, it is sufficient to overcome defendant's motion for summary judgment.