841 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. THOMPSON, Plaintiff-Appellant,
v.
OLYMPIC STAIN COMPANY and John R. Parmenter, Defendants-Appellees.
 No. 87-5150.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Kenneth L. Thompson, plaintiff-appellant, a former employee of Olympic Stain Company, defendant-appellee, appeals from a judgment, entered on November 19, 1986, by the United States District Court for the Western District of Kentucky, dismissing his Title VII action for race discrimination. The court found that no evidence was presented which would allow it to conclude that the reasons for appellant's discharge, as set out by Olympic Stain, were pretextual. For the following reasons, we affirm.
 
 I.
 
 2
 On June 6, 1984, during appellant's work shift, a piece of machinery broke and caused the equipment at appellant's work station to cease working. While repairs were being made and appellant was standing idle, his supervisor, Keith Connors, ordered him to sweep up the floor around his work station. In response to this directive, appellant stated "I did my clean up" and simultaneously made a crossed-arm forearm raised clenched fist gesture to Connors. When Connors asked appellant what he said, appellant repeated the gesture. Connors interpreted these comments and gesture as anatomically suggestive and offensive. Connors immediately suspended the appellant and instructed him to clock out.
 
 
 3
 After suspending the appellant, Connors reported the incident to Robert Brawner, Olympic's Production Superintendent, and John Parmenter, the Plant Manager. Both men, along with other management representatives, immediately reviewed the incident, taking into account the appellant's personnel record. Appellant's personnel record revealed that, at times, he had been a discipline problem and had received several warnings and suspensions for his misconduct.
 
 
 4
 Following this review, Olympic decided to discharge the appellant. This decision was made on the same day as the suspension and was made in accord with company policies.
 
 
 5
 After the decision to discharge the appellant was made, Thompson was advised of these actions by an Employee Warning Report and a letter of discharge. Thereafter he filed a grievance with his Union representatives, Teamsters Local 89. The grievance was pursued through arbitration where both sides called several witnesses. On November 19, 1984, the arbitrator found that Olympic had just cause to dismiss the appellant for insubordination and use of abusive language. In sustaining the discharge for just cause, the arbitrator considered the appellant's prior personnel record and determined that such a record did not warrant mitigation of the penalty of discharge.
 
 
 6
 Appellant then filed suit in district court alleging violations of Title VII and 42 U.S.C. Sec. 1981 (1982). At trial, appellant called a number of witnesses on his behalf. After hearing this testimony, the lower court entered judgment for the appellee finding no violations of Title VII or Section 1981.
 
 
 7
 Our review of a district court's dismissal of a Title VII action has previously been set out by this court.[1] In Geisler v. Folsom, 735 F.2d 991 (6th Cir.1984), the court stated:
 
 
 8
 A decision by a district court on the issue of discrimination under Title VII is subject to review under the clearly erroneous standard of Rule 52(a), Fed.R.Civ.P.... [Thus,] [a] reviewing court is bound by all findings of fact in a case heard by a district court without a jury ... unless they are clearly erroneous.
 
 
 9
 Geisler, 735 F.2d at 994-95 (citations omitted).
 
 
 10
 A claim that a district court's decision is "clearly erroneous" should not be easily accepted by an appeals court. To reverse the findings of the lower court, we must be "left with the definite and firm conviction that a mistake has been committed" after considering the "entire evidence." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Of course, this rule of review does not apply to a lower court's conclusions of law. If a lower court's findings rest on an erroneous view of the law, those findings may be set aside on that basis. Pullman-Standard v. Swint, 456 U.S. 273, 287 (1982). Thus, an appellate court's review of a lower court's legal conclusions is plenary.
 
 II.
 
 11
 The standards by which a Title VII action are to be judged were articulated by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (a refusal to hire case) and refined eight years later in Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981) (a disparate treatment case).
 
 
 12
 In McDonnell Douglas, the Court established a tripartite analysis to use in evaluating claims such as the one presently before us. The analysis provides that the plaintiff must first prove a prima facie case of discriminatory discharge. Second, the defendant must offer a legitimate, non-discriminatory reason for its actions and third, the plaintiff must establish that the defendant's proffered explanation is pretextual and masks an illegal motive. McDonnell Douglas, 411 U.S. at 802-04; Shah v. General Electric Co., 816 F.2d 264, 267 (6th Cir.1987).
 
 
 13
 This court, in accord with the Supreme Court's decisions in this area, has defined the elements of proof necessary to establish a prima facie case in a Title VII discharge action. In Potter v. Goodwill Industries of Cleveland, 518 F.2d 864 (6th Cir.1975) (per curiam), this court set out the elements that a plaintiff must demonstrate. Those elements are as follows:
 
 
 14
 [i] that he is a member of a class entitled to the protection of the Civil Rights Act, [ii] that he was discharged without valid cause, and [iii] that the employer continued to solicit applications for the vacant position.
 
 
 15
 Potter, 518 F.2d at 865. "Failure to prove any of these elements by a preponderance of evidences mandates a dismissal of the plaintiff's suit." Morvay v. Maghielse Tool & Die Co., Inc., 708 F.2d 229, 233 (6th Cir.), cert. denied, 464 U.S. 1011 (1983).
 
 
 16
 In this case, the lower court found, as a matter of fact, that Thompson made the gesture and repeated it for his supervisor. Such a finding is not clearly erroneous. Appellant does not deny that he made the gesture, rather his challenges are to the obscene nature of the gesture. These arguments are misplaced for the reasons stated by the lower court in its opinion.
 
 
 17
 Thus, because appellant's action was a valid cause for immediate discharge pursuant to the collective bargaining agreement in effect between the Union and Olympic, Thompson fails to establish even a prima facie case.
 
 
 18
 Assuming, however, that a prima facie case was established, it is clear that legitimate, nondiscriminatory reasons--insubordination and disrespectful conduct--were offered by Olympic for Thompson's discharge. The burden then passed to Thompson to demonstrate that these reasons were a pretext for race discrimination. Thompson attempted to meet this burden by introducing testimony of four witnesses who were employees of the appellee company. These white, male employees testified to various problems they had caused at work and to the discipline that they had received. The problems ranged from drinking on the premises to a loss of temper and display of outrage with Keith Connors, the appellant's supervisor. The discipline ranged from verbal reprimands to two-week suspensions. None, however, were discharged. Thus, Thompson argues, he was singled out and treated differently because of his race.
 
 
 19
 The problem with this argument is that none of the above individuals had a similar discipline/personnel record as Thompson. Furthermore, none had failed to carry out a direct order from their supervisor as Thompson had. The district court noted these differences in reaching its conclusion that the appellant had not rebutted, as pretextual, the appellee's legitimate, nondiscriminatory reasons for discharging Thompson. As such, the lower court's conclusions are not erroneous. The appellant in this case simply did not satisfy his burden of proof.
 
 III.
 
 20
 Appellant also makes several other arguments in his brief. After reviewing those arguments and the record, we find his claims to be unsupported factually and legally, and thus, without merit.
 
 
 21
 Therefore, for all of the foregoing reasons, the lower court's judgment is hereby AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The same standards apply to a section 1981 action. Furthermore, the order and allocation of proof required of a section 1981 action and a Title VII action are the same. See Daniels v. Board of Education of Ravenna City School District, 805 F.2d 203, 207 (6th Cir.1986)