50 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joanna WOLF, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General of the United States
Postal Service, Defendant-Appellee.
 No. 94-1606.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1995.
 
 Before: KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Joanna Wolf appeals the summary judgment in favor of the defendant in this action brought under 42 U.S.C. Sec. 2000e-16 (Title VII of the Civil Rights Act of 1964), 29 U.S.C. Sec. 621, et seq. (Age Discrimination in Employment Act (ADEA)), 29 U.S.C. Sec. 701, et seq. (the Rehabilitation Act of 1974), the Michigan Elliott-Larsen Civil Rights Act (Mich.Comp.Laws Ann. Sec. 37.2101, et seq.), the Michigan Handicapper's Civil Rights Act (Mich.Comp.Laws Ann. Sec. 37.1101, et seq.), and the common law tort of intentional infliction of emotional distress. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The facts are aptly summarized in the district court's memorandum and order granting summary judgment in favor of the defendant and will not be repeated here. Suffice it to say that Wolf sued the Postmaster General of the United States Postal Service (Postal Service) claiming that the Postal Service's refusal to hire her in September, 1987, was the result of sex, handicap (obesity), and age discrimination. Wolf eventually was hired as a Distribution Clerk Trainee on February 27, 1988. She sought injunctive and monetary relief. By order dated January 14, 1993, the district court dismissed Wolf's claims asserted under ADEA, the Michigan Elliott-Larsen Civil Rights Act, the Michigan Handicapper's Civil Rights Act, and the claim of intentional infliction of emotional distress.
 
 
 3
 On November 5, 1993, the defendant filed a motion for summary judgment on the remaining claims, and Wolf responded. On April 26, 1994, the district court issued a memorandum and order granting the defendant's motion. The court held that Wolf failed to establish a prima facie case of sex discrimination under Title VII or handicap discrimination under the Rehabilitation Act.
 
 
 4
 Initially, we note that Wolf has abandoned her claims asserted under the Michigan Elliott-Larsen Civil Rights Act, the Michigan Handicapper's Civil Rights Act, and the common law tort of intentional infliction of emotional distress; therefore, the district court's disposition of these claims will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Upon review, we affirm the district court's order because there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 6
 Summary judgment was proper because Wolf cannot establish a prima facie case of sex discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Wolf failed to present evidence that any similarly situated male candidate was hired in September of 1987. See Murray v. Thistledown Racing Club, Inc., 770 F.2d 63, 66-67 (6th Cir.1985); Potter v. Goodwill Indus. of Cleveland, 518 F.2d 864, 865 (6th Cir.1975). The relevant employment situations were not sufficiently similar to support a finding that Wolf and the male comparison employee were similarly situated.
 
 
 7
 Even if Wolf could state a prima facie case of sex discrimination, summary judgment is proper because the defendant offered a legitimate, non-discriminatory reason for refusing to hire Wolf in 1987, i.e., medical unsuitability. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 8
 Summary judgment was also proper insofar as Wolf asserted a claim under the Rehabilitation Act. Wolf failed to establish the second element of her prima facie case, i.e., that she suffered from a cognizable disability. The Postal Service perceived Wolf's obesity as only interfering with her ability to lift 50 pounds or more. This narrow limitation could not be considered a major life activity. See 29 C.F.R. Sec. 1613.702(c). The job required Wolf be able to lift up to 70 pounds.
 
 
 9
 Finally, Wolf was not eligible for coverage under ADEA. Wolf admitted that she was under age 40 at the time of the events in question. The ADEA's prohibition against age discrimination are limited to individuals who are at least 40 years of age. 29 U.S.C. Sec. 631(a). Wolf, therefore, was not eligible for coverage under ADEA, and summary judgment on this claim was proper.
 
 
 10
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.