**James A. COLEMAN, Plaintiff-Appellant,**

**Virgil Weary, Intervenor-Appellant,**

v.

**BRANIFF AIRWAYS, INC., Defendant-Appellee.**

No. 81–3117
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1982.

McDonough & McDonough, Birch P. McDonough, New Orleans, La., for plaintiff-appellant and intervenor-appellant.

John J. Gallagher and Charles Warren, Washington, D. C., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

James A. Coleman and Virgil Weary (plaintiffs) filed this action based upon a claim of racial discrimination in their discharge from employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* Following trial, the District Court entered findings of fact and conclusions of law dismissing the suit. We affirm.

*Background*

Plaintiffs, black males, were employed by Defendant Braniff Airways, Inc. (Braniff) as airplane cleaners. On November 13, 1976, they found a small amount of liquor and some soft drinks in the cabin of an aircraft, and took these items into their possession. As they were leaving the airport area, they were stopped by Braniff representatives and a police officer. Following arrest and prosecution in a city court, plaintiffs were convicted and paid a fine.

On the night of the theft, plaintiffs' employment was terminated. Grievances were filed pursuant to the collective bargaining agreement between plaintiffs' union and Braniff, and a hearing was held before Braniff's vice-president in charge of maintenance at which plaintiffs were represented by the union. Plaintiffs admitted at the hearing that they had taken the liquor and soft drinks from the plane, and their termination was upheld.

Appeal was brought before a neutral arbitrator, in accordance with the collective

bargaining agreement, who found that dismissal of the employees was justified on the basis of the evidence and their admissions.[1]

The District Court found that plaintiffs failed to show that they were discharged because of their race. Evidence at trial revealed that Braniff had reasonable cause to terminate their employment. It was also found that plaintiffs failed to show that white employees accused of theft were treated differently than black employees accused of the same crime. Moreover, the only employee hired to replace the plaintiffs was black, thus refuting the charge that Braniff was discriminating through termination and rehiring. The court concluded that the plaintiffs failed to establish a *prima facie* case for employment discrimination since Braniff did not fill their positions with nonminorities. Assuming *arguendo* that plaintiffs established a *prima facie* case, the court concluded that Braniff met its burden of articulating a legitimate, nondiscriminatory reason for the discharges. Plaintiffs, it was held, failed to prove that such reasons were in fact a cover-up for racially discriminatory decisions. Finally, the court concluded that any disparity found in past examples of punishment of black and white employees resulted from the circumstances surrounding the violation and not racial motivations.

The only issue on appeal is whether Braniff punished plaintiffs differently than it would have white employees guilty of the same breach.

### Analysis

■ The Supreme Court in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), set forth the allocation of burdens of proof in a Title VII case alleging discriminatory treatment:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. (citations omitted)

450 U.S. at 251–252, 101 S.Ct. at 1093, 67 L.Ed.2d at 215, *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In this Circuit, to establish a prima facie case where the suit is based on the employees' discharge, the employees are required to show:

(1) They are members of a protected minority;

(2) They were qualified for the jobs from which they were discharged;

(3) They were discharged; and

(4) After they were discharged their employer filled the positions with nonminorities.

*Marks v. Prattco, Inc.*, 607 F.2d 1153, 1155 (5th Cir. 1979). We agree with the District Court that the plaintiffs in the present controversy failed to satisfy the fourth requirement.

The plaintiffs do not argue on appeal that they were replaced by nonminority employees. Rather, their argument seems to be that the punishment for their theft, namely dismissal, was harsher than the punishment they would have received if they were white. Thus, they allege that whether they were replaced by black or white employees, they were wrongfully discharged. Although the District Court did

---

1. The Braniff employee handbook provides that:

> Violation of any of the following is considered a serious offense and may result in immediate discharge.

> a. Theft or attempted theft of Company property or personal property of employees or passengers is strictly prohibited.

not address this complexity, we recognize the colorable outline of a claim for employment discrimination under § 1981.[2]

Even assuming that the plaintiffs can make out a colorable claim for disparate treatment by Braniff in the application of disciplinary rules, we find ample evidence to support the District Court's finding that there was no difference in the severity of punishment of black and white employees. At trial, the plaintiffs gave as examples of disparate treatment the suspension actions taken against several white Braniff employees following theft charges. However, a Braniff witness testified about other white and black employees terminated for stealing Braniff property.[3] Thus the evidence adduced at trial shows that the District Court's findings were supported by credible testimony.

AFFIRMED.

2. The plaintiffs alleged racial discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. However, as the District Court pointed out, the plaintiffs did not vigorously pursue this avenue at trial. Likewise, the brief submitted by plaintiffs to this Court does not address their § 1981 claim.

3. The instances of employee discipline introduced as evidence at trial were as follows:
   (1) White employee was terminated in 1967 for stealing tools.
   (2) White employee was terminated in 1973 for stealing tools.
   (3) White employee was terminated twice for theft, and on one occasion the decision was reversed by an arbitrator for lack of proof.
   (4) Hispanic employee suspended for possession of beer and soft drinks, for which he gave several conflicting explanations.
   (5) White employee suspended 15 days after being caught carrying soft drinks out of a plane, for which he gave several justifications.
   (6) White employee was terminated in 1977 after charging items for his personal use on Braniff's charge accounts.
   (7) White employees terminated after being caught with food and beverages belonging to Braniff. When merchandise was not clearly identified as belonging to Braniff, both employees were reinstated.
   (8) Two black employees were terminated for theft (after termination of employees in the present action) when caught with food, beverages and other merchandise belonging to Braniff. One was reinstated when another confessed responsibility for the theft.