Roy BYRD, Plaintiff-Appellant,

v.

ROADWAY EXPRESS, INC.,
Defendant-Appellee.

No. 81–4515
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1982.
Rehearing and Rehearing En Banc Denied
Oct. 25, 1982.

Firnist J. Alexander, Jr., Jackson, Miss., for plaintiff-appellant.

H. D. Granberry, III, M. Curtiss McKee, Jackson, Miss., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JOHNSON, Circuit Judge:

Roy Byrd, a black formerly employed by Roadway Express, Inc., charged that Roadway violated Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, by harassing him, threatening him, assigning him a disproportionate share of difficult jobs and ultimately discharging him, all because of his race. The district court granted summary judgment for Roadway on learning that Byrd was replaced by a black. But that Byrd was replaced by a black does not necessarily negate the possibility that his treatment and discharge were motivated by racial discrimination. Because material questions about Roadway's motive remain unanswered, the judgment is reversed and the cause remanded for further proceedings.

In *Marks v. Prattco, Inc.*, 607 F.2d 1153, 1155 (5th Cir. 1979), this Court held that a prima facie case of discriminatory discharge may be made out by a showing that the plaintiff (1) is a member of a protected minority; (2) is qualified for the job from which he was discharged; (3) was discharged; and that (4) the open position was filled by a non-minority.[1] The district court ruled that Roadway's uncontroverted proof of the converse of the fourth element of the *Prattco* test, i.e., of Byrd's replacement by a black, conclusively eliminated the possibility that Byrd might establish a prima facie case of discriminatory discharge. But as this Court and the Supreme Court have repeatedly pointed out, no single formulation of the prima facie evidence test may fairly be expected to capture the many guises in which discrimination may appear. *Furnco Construction Corporation v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978); *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Jones v. Western Geophysical Company of America*, 669 F.2d 280, 284 (5th Cir. 1982); *Coleman v. Braniff Airways, Inc.*, 664 F.2d 1282, 1284–85 (5th Cir. 1982); *Hedrick v. Hercules*, 658 F.2d 1088, 1093 n.4 (5th Cir. 1981); *Ramirez* at 168–69; *Turner v. Texas Instruments, Inc.*, 555 F.2d 1251, 1255 (5th Cir. 1977). The focus of the inquiry may not be obscured by the blindered recitation of a litany. The aim of the *Prattco* test, and particularly of its fourth element, is to identify "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a discriminatory criterion illegal under the Act.'" *Furnco*, 98 S.Ct. at 2949, *citing McDonnell Douglas*, 93 S.Ct. at 1866. On this motion for summary judgment the district court should have scrutinized the evidentiary offerings for indicia of racial prejudice at work in his discharge.

■ The deposition testimony submitted by Byrd in opposition to the motion for summary judgment accorded with Roadway's representation that the reason given for Byrd's discharge was his failure to follow company procedures for accepting customer reports of merchandise damage.[2]

---

1. The *Prattco* plaintiffs based their charges of discriminatory discharge on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. The applicability of *Prattco's* prima facie case formulation to cases brought under § 1981 alone is not before us. *See Ramirez v. Sloss*, 615 F.2d 163, 167–68 (5th Cir. 1980).

2. Roadway has also claimed that an additional reason for Byrd's discharge was his assault on the employee who fired him. The record dis-

But Byrd's deposition cast the charged disciplinary infraction in a considerably different light. According to Byrd, the charge on which he was released was the last in a long line of citations issued in retaliation for his complaints about discriminatory work assignments. Byrd testified that Roadway assigned to its black drivers a disproportionate amount of heavy loads to be moved by hand, while holding back easier work and motorized equipment for whites. He stated that he complained about the unequal allocation of work to the dock supervisor and job stewards, and filed grievances with the union, but that his insistence on equal treatments served only to antagonize both the union and the company and resulted in the issuance of disciplinary warnings wholly without basis in fact. Byrd's testimony describes a pattern of harassment designed either to deter his demands for equal treatment or to justify his discharge on pretextual business grounds.[3] The factual issues raised around the validity of the citations and Roadway's motive in issuing them are unresolved by the observation that Byrd was replaced by a black.

Summary judgment is appropriate only if "the moving party has established his right to judgment with such clarity that the nonmoving party cannot recover ... under any discernable circumstance." *Jones* at 283, *citing Everhart v. Drake Management, Inc.*, 627 F.2d 686, 690 (5th Cir. 1980). That the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues. *Id.; Foster v. Swift & Company*, 615 F.2d 701, 702 (5th Cir. 1980); *Hayden v. First Nation-*

al Bank of Mt. Pleasant, Texas, 595 F.2d 994, 997 (5th Cir. 1979). Its responsibility is only to determine, by resolving all reasonable doubts about the existence of a genuine issue of material fact against the movant, whether a material factual question exists. *Jones* at 283, *citing Erco Industries, Ltd. v. Seaboard Coast Line Railroad Company*, 644 F.2d 424, 428 (5th Cir. 1981). Byrd's version of events leading up to his discharge raised factual issues unresolved by Roadway's response, and demonstrated potential for a prima facie case at trial. *Abraham v. Graphic Arts International Union*, 660 F.2d 811, 817 (D.C.Cir.1981). The district court's order of summary judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

---

closes, however, that the assault *followed* Byrd's notification of his discharge, and that his discharge notice was retroactively amended to include the assault as a justification for release. Whether the assault may be considered a valid, nondiscriminatory reason for discharge need not now be decided. We note, however, that this Court has held that "[i]t would frustrate the purpose of antidiscrimination laws to allow the employer to use an applicant's boisterous conduct as a shield from

the law when the employer triggered the conduct by verbalization of an unconstitutional policy." *Ramirez* at 170.

**3.** Evidence offered in support of a prima facie case may, of course, also be considered in an assessment of the validity of the employer's proffered business justification for discharge. *Welch v. University of Texas and Its Marine Science Institute*, 659 F.2d 531, 534 (5th Cir. 1981).