Edward **COCKRHAM**, Plaintiff-Appellant,

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY**, Defendant-Appellee.

No. 82–3394
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1983.

---

**144**

J. Courtney Wilson, New Orleans, La., for plaintiff-appellant.

George W. Byrne, Jr., New Orleans, La., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS Circuit Judges.

PER CURIAM:

Edward Cockrham charges that his former employer, South Central Bell Telephone Co., violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, by placing him under selective surveillance, harassing him, and eventually discharging him solely because he is black. The district court referred the case to a magistrate. The magistrate conducted a five-day trial, then deferred decision pending receipt of post-trial filings from the parties. Ten months after trial, the magistrate informed the parties that the court reporter had lost her transcript notes for the last half of the trial.

Counsel for the parties proved unable to reach agreement on a stipulation to the contents of the missing portion of the transcript. The magistrate then notified the district court of the state of the transcript and recommended that the action be retried. The district court denied the magistrate's request and directed him to file proposed findings of fact, conclusions of law, and a recommendation for disposition on the merits of Cockrham's case. The magistrate acceded. His report found the facts to be contrary to every allegation of racial discrimination made by the plaintiff; in addition, he concluded that Cockrham had failed to make out a prima facie case under *Marks v. Prattco,* 607 F.2d 1153, 1155 (5th Cir.1979), because he had failed to show that South Central Bell filled his position with a nonminority. The magistrate recommended dismissal of all charges.

The district court filed a minute entry stating that, although portions of the trial transcript were lost, the remainder provided sufficient basis to uphold the magistrate's conclusion that Cockrham had failed to establish a prima facie case under *Prattco.* Shortly thereafter, the district court entered judgment in favor of South Central Bell. Cockrham appeals.

*Prattco* held that a prima facie case of discriminatory discharge can be established by proof that (1) the person was a member of a protected minority; (2) the person was qualified for the job from which discharged; (3) the person was discharged; and (4) after the discharge, his employer filled the position with a nonminority. *Prattco* at 1155. But as this Court re-

peatedly has stated, *Prattco*'s four-part test is not the exclusive route to prima facie proof of discriminatory discharge. *EEOC v. Brown & Root, Inc.,* 688 F.2d 338, 340 (5th Cir.1982); *Byrd v. Roadway Express,* 687 F.2d 85, 86 (5th Cir.1982); *Jones v. Western Geophysical Co.,* 669 F.2d 280, 284 (5th Cir.1982); *Coleman v. Braniff Airways, Inc.,* 664 F.2d 1282, 1284–85 (5th Cir.1982); *Hedrick v. Hercules,* 658 F.2d 1088, 1093 n. 4 (5th Cir.1981); *Ramirez v. Sloss,* 615 F.2d 163, 168–69 & n. 9 (5th Cir.1980); *Turner v. Texas Instruments, Inc.,* 555 F.2d 1251, 1255 (5th Cir.1977). Cockrham claims that an examination of the lost evidence would have shown that, contrary to the magistrate's findings, he was reprimanded, given unsatisfactory evaluations, and eventually fired for reasons for which white employees were neither disciplined nor discharged. If so, Cockrham established a prima facie case of discriminatory discharge due to unequal discipline, *Brown v. A.J. Gerrard Manufacturing Co.,* 643 F.2d 273, 276 (5th Cir.1981), notwithstanding the race of his replacement, *EEOC v. Brown & Root* at 340; *Byrd* at 87.

■ The loss of half of the trial transcript makes impossible the necessary, obligatory review of the magistrate's findings by the district court for clear error. Fed.R. Civ.P. 53(e)(2); *Livas v. Teledyne Movable Offshore, Inc.,* 607 F.2d 118, 119 (5th Cir. 1979); *accord Spaulding v. University of Washington,* 676 F.2d 1232, 1235 (9th Cir. 1982). The case must be retried.

REVERSED AND REMANDED FOR RETRIAL.