IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50235
Summary Calendar
_____

KIMBERLY BRADLEY,

                                        Plaintiff-Appellant,

versus

BOYSVILLE, INC, a not for profit corporate body; BOYSVILLE,
INC.'S NAMED AND UNNAMED BOARD OF DIRECTORS, OFFICERS AND
SUBSTITUTIONS; ROBERT C. COLE, President of Boysville, Inc.;
CHARLES W. LUTTER, JR. Vice-President of Boysville, Inc.; RUDY s.
TREVINO, Secretary of Boysville, Inc.; HAROLD PUTNAM, JR.,
Treasurer of Boysville, Inc.; JOHN W. ROBB, Assistant
Secretary/Treasurer of Boysville, Inc.; LENNA J. BAXTER,
Executive Director of Boysville, Inc.; BOYSVILLE, A SAN ANTONIO
HOME FOR CHILDREN

                                        Defendants-Appellees,

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CA-0168
--------------------
November 21, 2000

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

        Kimberley Bradley appeals two orders from the Western

District of Texas: (1) the summary judgment dismissal of her

discrimination claims against Boysville, Inc. (Boysville) and its

officers and directors (Boysville Officials)(collectively, the

_____
        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Defendants), and (2) a discovery order compelling her to respond to certain interrogatories from the Defendants.  We AFFIRM the judgment of the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1997, Bradley began working as a child care worker at Boysville, a non-profit shelter for abused and neglected children.  She worked a shift from 3:00 pm to 11:00 pm on weekdays.  At the time that Boysville hired Bradley, and throughout her employment, she was not married.

Boysville considers it essential to its mission to provide the children in its care with positive role models.  As a consequence, Boysville maintains a written policy that all staff members must "conduct their personal and professional lives with unquestionable conduct and high moral standards."

On May 18, 1998, Bradley informed her supervisor that she was pregnant.  The next day, Boysville's Executive Director, Lenna Baxter, told Bradley that her shift would be changed to 11:00 pm to 7:00 am to minimize her contact with children.  Baxter explained that if Bradley was unwilling to accept the shift change, she would be terminated.  Bradley initially refused to work the new shift.  Approximately two weeks later, Bradley changed her mind and offered to work the 11:00 pm to 7:00 am shift.  At that point, however, the position had already been filled.

2

On May 21, 1998, Bradley filed a sex discrimination complaint with the Equal Employment Opportunity Commission (EEOC).  She subsequently brought suit against Boysville and the Boysville Officials alleging sex and racial discrimination, as well as retaliation, under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

On June 4, 1999, Boysville served on Bradley its First Set of Interrogatories which contained 21 numbered questions.  On July 5, 1999, Bradley delivered a letter to Boysville stating that the responses would be delivered by July 25, 1999.  Counsel for Boysville notified Bradley's counsel that July 7 was the deadline for responding to the interrogatories under the Federal Rules of Civil Procedure.  After a second inquiry from Boysville, Bradley responsed to the first 8 of the 21 interrogatories submitted by Boysville on August 5.  Bradley claimed that the first 8 numbered interrogatories were actually 20 separate interrogatories and that under Local Court Rule CV-33, Bradley was not required to respond to more than 20 interrogatories. After a third request for response to the interrogatories originally submitted, Boysville filed a motion to compel with the district court.

On September 3, 1999, the district court granted Boysville's motion to compel and ordered Bradley's counsel to pay Boysville's costs of $700.00 related to the motion pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).  The district court denied

3

Boysville's requests for discretionary sanctions.  On September 24, 1999, the district court denied a motion for reconsideration of this order.  On February 23, 2000, the district court granted summary judgment to the Defendants on all Bradley's claims.

## DISCUSSION

We review Bradley's discovery related issues before turning to the district court's summary ruling on her substantive discrimination claims.

## I.   Discovery Issues

District courts have wide discretion in determining the scope and effect of discovery.  *Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 724 (5th Cir. 1990), *cert. denied*, 499 U.S. 925 (1991); *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).  We review decisions of district courts on discovery matters solely for abuse of this discretion. *Jerry Parks Equipment Co. v. Southwest Equipment Co.*, 817 F.2d 340, 342 (5th Cir. 1987).  Such abuse is unusual, *see Sanders*, 678 F.2d at 618, and will only be found where a ruling "results in substantial prejudice to the rights of the parties...."  *Huff v. N.D. Cass Co.*, 468 F.2d 172, 176 (5th Cir. 1972), *aff'd in part, vacated and remanded in part on other grounds*, 485 F.2d 710, 712 (5th Cir. 1973)(en banc)(approving panel opinion's resolution of discovery issues).

4

Bradley complains that (1) she should not have been compelled to answer Boysville's interrogatories based on the express language of Local Rule CV-33, and (2) her attorney should not have been required to pay Boysville's attorneys' fees of $700 pursuant to Federal Rule of Civil Procedure 37(a)(4)(A). The district court did not abuse its discretion in compelling Bradley to respond to Boysville's first set of interrogatories since Bradley's resistance was without merit. Indeed, as the district court noted, the leading treatise on the federal rules of civil procedure explains that when an inquiry is broken into individual parts that relate to a single theme, that inquiry is counted as a single interrogatory. 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2168.1 ("[A]n interrogatory directed at eliciting details concerning a common theme should be considered a single question.") Bradley offers no contrary authority. The language of the Local Rule on which Bradley founds its position merely clarifies that sub-parts shall not be used to inquire about areas unrelated to the theme of the interrogatory. More importantly, the Local Rule expressly allows as single questions two of the multi-part interrogatories that Bradley counted as multiple questions. In short, the district court was well within its discretion when it compelled Bradley to answer Boysville's first 20 interrogatories.

With respect to the award of attorneys' fees, the district court merely followed the language of Federal Rule of Civil

5

Procedure 37(a)(4)(A).  According to the Supreme Court, that rule "was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 209, 119 S.Ct. 1915 (1999).  Amendments to the rule in 1970 announced a presumption in favor of awarding fees against a party that caused the filing of a motion to compel.  *Id*. at 209, n.5.  In its present form, the rule provides in relevant part that:

> the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(4)(A).

Though this circuit has not explicitly developed the meaning of "substantially justified" in this context, the Eleventh circuit recently held that the term "means that reasonable people could differ as to appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *see also Pierce v. Underwood*, 487 U.S. 552, 564, 108 S.Ct. 2541 (1988).  Aside from the language of Local Rule CV-33, which we have already noted directly contradicts Bradley's position, at least in part, Bradley has offered no authority to support his resistance to the interrogatories.  Thus, the

6

district court did not abuse its discretion in determining that Bradley was not "substantially justified" in refusing to answer Boysville's interrogatories numbered 9 through 20.

## II. Summary Judgment on Discrimination Claims

The district court granted summary judgment in favor of Boysville on Bradley's claims of sex and race discrimination, as well as her claim for retaliation. This Court reviews a grant of summary judgment de novo. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). Summary judgment is proper when the evidence reflects no genuine issues of material fact and the non-movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a grant of summary judgment, we must view all evidence in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Id.* at 255.

Bradley raises three classes of Title VII claims against the Defendants: sex and pregnancy discrimination, race discrimination and retaliation. We review each separately.

### A. Sex Discrimination

7

Bradley alleges that in enforcing its policy on morality, Boysville discriminated against her on the basis of her sex and because she was pregnant.

To survive summary judgment on her claim that Boysville enforced its morality policy against her in a discriminatory manner, Bradley must present direct evidence of discrimination, statistical evidence suggesting discrimination, or establish a prima facie case of discrimination under the *McDonnell Douglas* standard. *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). As the district court noted, the precise theory of Bradley's case is unclear. Bradley has offered no direct evidence of discrimination. To the extent that Bradley alleges Boysville's facially-neutral morality policy has a disparate impact on all women or all pregnant women, she must present evidence of an impact on women beyond her own situation. *See Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000). She has presented no such evidence and therefore the district court properly dismissed her claim in this regard.

Bradley has also failed to make out the elements of a prima facie case. A prima facie case consists of proof showing each of four elements: (1) the plaintiff is a member of a protected group; (2) she was qualified for her job; (3) she suffered adverse employment discrimination; and (4) others similarly situated were treated differently. *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817, 1824 (1973); *Urbano*, 138 F.3d at 206. To

8

establish the fourth element, Bradley must provide some proof that others similarly situated, e.g. men that parented children out of wedlock, were treated differently.

The district court correctly concluded that Bradley has offered insufficient evidence on the fourth element. As evidence of "discrimination," Bradley offers an EEOC finding that Boysville discriminated against her because of her pregnancy. Yet the EEOC finding, even assuming arguendo that it is proper summary judgment evidence, fails to describe or demonstrate that Boysville applied its morality policy any differently to men generally or to men that had fathered children out of wedlock. The only other evidence that Bradley offers in this regard is a response to a hypothetical question by a Boysville director in which the director stated that men that fathered children out of wedlock "may" have been treated identically to Bradley. Yet this statement alone does not support a reasonable inference that Boysville illegally discriminated against Bradley on the basis of her sex or her pregnancy. *See Byrd v. Roadway Exp., Inc.*, 687 F.2d 85, 86 (5th Cir. 1982). Since Bradley has not proven a prima facie case, we need not reach Boysville's bona fide occupational requirement defense.

## B. Race Discrimination

In discrimination cases, the court must ultimately decide, while viewing all of the evidence in a light most favorable to

9

the plaintiff, whether a reasonable jury could infer discrimination by the employer. *See Reeves v. Sanderson Products Inc.*, 120 S.Ct. 2097, 2106 (2000). In making this determination, a court should consider "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case. . . ." *Id*. at 2108. The district court properly concluded that Bradley has offered absolutely no evidence that could support even a prima facie case of racial discrimination by Boysville, much less a reasonable inference of racial discrimination in light of Boysville's facially neutral morality policy.

### C.   Retaliation

In this circuit, a Title VII retaliation claim requires proof of three elements: (1) the employee engaged in activity protected by Title VII, (2) the employer took adverse employment action against the employee, and (3) a causal connection exists between the protected activity and the adverse employment action. *See Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (5th Cir. 1992). With respect to the second element, this circuit requires that plaintiffs allege an "ultimate employment decision" such as "hiring, granting leave, discharging, promoting, and compensating." *Burger v. Central Apartment Management, Inc.*, 168 F.3d 875, 878 (5th Cir. 1999); *Mattern v. Eastman Kodak Co.*, 104

10

F.3d 702, 707 (5th Cir. 1997)(quoting *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995)).

Bradley argues that Boysville retaliated against her for filing an EEOC complaint by (1) lying to the Texas Workforce Commission by indicating that she quit rather than work her assigned shift, and (2) denying her a grievance proceeding in accordance with Boysville policy.  The district court correctly concluded that neither of these retaliatory acts alleged by Bradley constitute ultimate employment actions.  Indeed, both of these decisions took place after the ultimate employment action that led to Bradley filing a complaint with the EEOC.  Standing alone, they do not satisfy the requirement of an ultimate employment action.  *See Messer v. Meno,* 130 F.3d 130, 140 (5th Cir. 1997).

## CONCLUSION

While Bradley may have been terminated because she parented a child out of wedlock, she offers no evidence that supports her claims of discrimination on the basis of sex and race, or her claims of retaliation.  Therefore, the district court properly granted summary judgment to Boysville on all claims.  With respect to Bradley's discovery issues, the district court acted within its discretion both in compelling Bradley to respond to Boysville's first 20 interrogatories and taxing Bradley's attorney with Boysville's reasonable costs in filing the motion to compel.  Accordingly, we AFFIRM.

11