Donald JOSEPH Plaintiff

v.

BANCORPSOUTH BANK and
John Doe Defendants

No. 3:00–CV–644WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 23, 2005.

John M. Mooney, Jr., Law Offices of John M. Mooney, Jr., Jackson, MS, Mark W. Prewitt, Mark Prewitt, Attorney, Vicksburg, MS, for Donald Joseph, Plaintiff.

James P. Caldwell, Riley, Caldwell, Cork & Alvis, Tupelo, MS, for Bancorpsouth Bank, John Doe, Defendants.

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

WINGATE, Chief Judge.

Before this court is a Motion for Summary Judgment filed by defendant Ban-

corpSouth Bank (hereinafter "Bancorp-South"), and for and on behalf of any John Doe defendant, if any. The plaintiff herein is Donald Joseph who, by this lawsuit, is suing BancorpSouth and a John Doe defendant under claims of violations of "the banking laws of the State of Mississippi and the United States, including, but not limited to, the right to privacy." Seeking $500,000.00 in compensatory damages and $10,000,000.00 in punitive damages, plaintiff accuses the defendants of improperly accessing his safe deposit box, revealing the large amount of cash therein and thereby subjecting the plaintiff to civil administrative and criminal prosecution. This court has subject matter jurisdiction over this dispute by authority of Title 28 U.S.C. § 1331.[1]

On an earlier day, this court allowed oral arguments by the parties. Now, having fully considered the motion and exhibits, the memoranda of arguments and authorities submitted by the respective parties, this court finds that there are no genuine issues of material fact and that Bancorp-South is entitled to judgment as a matter of law. The court's reasoning is set out below.

The parties essentially agree upon the underlying material facts. Plaintiff Donald Joseph purchased a safe deposit box from BancorpSouth under an assumed name. Later, the Bank concluded that plaintiff was derelict in his rent. Believing that it had proper cause to drill the safe deposit box, the Bank did so and discovered a large amount of cash therein, namely $275,000.00. Subsequently, BancorpSouth notified law enforcement of the suspicious circumstances herein by the filing of a Suspicious Activity Report (SAR). Later, both criminal and civil administrative proceedings were prosecuted against Donald Joseph, criminal cause no. 3:98CR33LS,

styled *United States of America v. Donald Joseph* and *United States of America vs. $275,000 in United States Currency, More or Less,* Civil Action No. 3:98CV363LN, respectively.

Plaintiff asserts that BancorpSouth acted negligently and drilled his box under circumstances with no just reason to do so. According to plaintiff, first there is a question whether his safe deposit box rental was current. Next, says plaintiff, the Bank was not confronted with "suspicious activity." Lastly, says plaintiff, the Bank had no authority to drill the safe deposit box even if the rent was unpaid.

### Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. Nat'l R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); rather, "it is the province of the jury to access the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir. 1980). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." *Id.* Summary judgment is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d

---

**1.** Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

647, 651 (5th Cir.1962). Facts that are irrelevant or unnecessary to a decision are "non-material" and do not prevent summary judgment. *Anderson*, 477 U.S. at 242, 106 S.Ct. 2505; *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1297 (5th Cir.1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In response to a motion for summary judgment, the non-moving party is required to respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted. *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir.1988). The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir.1982).

### Analysis

This court rejects all of plaintiff's arguments. First of all, this court finds as a matter of fact that plaintiff had not paid the rent. In his criminal trial, plaintiff testified that the box rent had not been paid. Further, in his complaint at ¶ 5, plaintiff admitted in this civil action that his box rent had not been paid. Plaintiff cannot now create his own issue of material fact under these circumstances. Plaintiff cannot swear one way in a prior criminal proceeding and then conveniently testify differently in this civil litigation. This court holds plaintiff to his earlier assertions that his box rent had not been paid.

■ Next, this court disagrees with plaintiff as to whether the circumstances herein constituted "suspicious activity." Plaintiff rented the box, used a fictitious name, placed the sum of $275,000.00 therein, and did not pay the rent. This court holds that these circumstances amount to "suspicious activity."

■ Then, there is the matter of drilling the box. This court is persuaded that the Bank had such authority from the rental agreement. The rental agreement provides as follows: "In the event of the failure of the undersigned renter to pay the rental on such box promptly when due the lessor is authorized to enter into such box whatever manner said lessor deems best and to remove the contents therefrom."

■ Defendants rely upon the directives of Title 31 U.S.C. § 5318, namely the Annunzio–Wylie Anti–Money Laundering Act of 1992, for the basis of their summary judgment motion. Claiming that Bancorp-South is shielded from liability under any state or federal law for reporting suspicious activity under the facts herein, defendants point to § 5318(g)(3) which provides as follows:

(3) **Liability for Disclosures.**—Any financial institution that makes a disclosure of *any possible* violation of law or regulation or a disclosure pursuant to this subsection or any other authority, and any director, officer, employee, or

agent of such institution, shall not be liable to any person under *any* law or regulation of the United States or any constitution, law, or regulation of any State or political subdivision thereof, for such disclosure or for any failure to notify the person involved in the transaction or any other person of such disclosure. (Emphasis added).

The court finds that this mandate from Congress balances an expectation of privacy with allowing financial institutions to serve as reporting arms to assist law enforcement. While such actions by banks might otherwise invade privacy, Congress has determined that privacy is overcome by the valid reasons for the subject law. Therefore, banks are required to comply with 5318(g)(3).[2] And, in return, banks receive immunity.

A number of courts have addressed this statute. *See Lee v. Bankers Trust Co.,* 166 F.3d 540 (2nd Cir.1999); *Merrill Lynch v. Green,* 936 F.Supp. 942 (S.D.Fla.1996); *Cotton v. PrivateBank & Trust Co.,* 235 F.Supp.2d 809 (N.D.Ill.2002); *Stoutt v. Banco Popular de, Puerto Rico,* 158 F.Supp.2d 167, 175 (D.P.R.2001); *Gregory v. Bank One Corporation,* 200 F.Supp 2d, 1000, 1003 (S.D.Ind.2002); and *Whitney National Bank v. Karam,* 306 F.Supp.2d 678 (S.D.Tex.2004). Pursuant to these holdings, banks have received immunity.

The lone exception where immunity has been withheld is the 11th Circuit case of *Lopez v. First Union National Bank,* 129 F.3d 1186 (11th Cir.1997). The court finds that the *Lopez* case arose under extreme facts wherein a very limited exception was carved out. In *Lopez,* the defendant "received an electronic wire transfer of funds for credit to Lopez's account. On both occasions, First Union provided United States law enforcement authorities with access to the contents of those electronic transfers. First Union made these disclosures based solely on the 'verbal instructions' of federal law enforcement authorities." *Id.* at 1190. Thereby, the court carved out a narrow exception for disclosure of information on an electronic banking transfer as a result of a mere verbal request on the part of federal law enforcement.

This court concludes that even if § 5318 admits of a *Lopez* exception, the plaintiff herein has failed to show the requisite factual backdrop herein for the application of that exception. Plaintiff has not shown that any malice or lack of good faith motivated the actions of BancorpSouth.

At best, in plaintiff's favor, what we have here is possibly negligence on the Bank's part, but the court finds as a fact that even if the box was negligently drilled, the bank was still required to make a report. Stated differently, even if BancorpSouth had acted negligently, the situation should be viewed by this court from the circumstance of the bank which believed it was acting properly under circumstances wherein a large amount of cash was found in the subject safe deposit box and that the box of plaintiff had been rented by him in an admittedly fictitious name, coupled with

---

**2.** The provision of mandatory SAR filing on banks is so strong, that the regulations under 31 U.S.C. § 5318(g)(2000) are mandatory in requiring banks, with "shall file" language, "to report any suspicious transaction relevant to a possible violation of law or regulation ..." 31 C.F.R. § 103.18. Congress also intended there to be the broadest possible of immunities, certainly in the category of voluntary reporting:

A bank may also file with the Treasury Department by using the Suspicious Activity Report specified in paragraph (b)(1) of this section or otherwise, a report of *any* suspicious transaction that it *believes* is relevant to the *possible* violation of *any* law or regulation but whose reporting is not required by this section. 31 C.F.R. 103.21(a)(1). (Emphasis added).

his admitted statement to the branch manager that he "wasn't a thief, he just liked to gamble."

In sum, this court is persuaded that BancorpSouth entered the box under the impression that the rent had not been paid and what was then found therein, coupled with the fictitious name admission, constituted "suspicious activity" wherein BancorpSouth was required and obligated to file the SAR. Accordingly, this court holds that the immunity granted by § 5318(g)(3) attaches since the underlying basis for plaintiff's claims herein is that the Bank wrongfully disclosed the contents of the box and caused the plaintiff's civil and criminal prosecution. This court concludes, therefore, that BancorpSouth is entitled to judgment as a matter of law and final judgment in favor of BancorpSouth (and any John Doe defendant [3]) is hereby granted, with this cause being dismissed with prejudice.

---

**3.** The John Doe defendant since never named by plaintiff is viewed by this court as a ficti- tious defendant.