Philip J. **STRONG**, et al. **Plaintiffs**

v.

The **DEPARTMENT OF THE ARMY**, United States Army Corp of Engineers, Vicksburg District, by and through Douglas J. Kamien, P.E., in his official capacity as deputy of Programs and Project Management **Defendants**

No. CIV.A. 3:04–CV–387WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 29, 2005.

John Hunter Stevens, Grenfell, Sledge & Stevens, Jackson, MS, for Philip J. Strong, Philip J. Strong, Jr., Herbert A. Strong, Dorothy S. Shealy, Plaintiffs.

Dunn Lampton, U.S. Attorney's Office—Jackson, Jackson, MS, for United States Army Corps of Engineers Vicksburg District by and through Douglas J. Kamien, P.E. in his official capacity as deputy of Programs and Project Management, Department of Army, Defendants.

### ORDER OF DISMISSAL

WINGATE, Chief Judge.

Before the court are the following motions: (1) the defendants' motion to dismiss [**docket # 5–1**] filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure;[1] (2) the defendants' motion, in the alternative, for summary judgment [**docket # 5–3**] submitted pursuant to Rule 56(b) and (c), Federal Rules of Civil Procedure;[2] and (3) the defendants' motion to strike

---

**1.** Rule 12(b)(6), Federal Rules of Civil Procedure provides:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion ... (6) failure to state a claim upon which relief can be granted ...

**2.** Rule 56(b) and (c), Federal Rules of Civil Procedure provide:

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The

plaintiff's request for a jury trial [**docket # 5–2**]. Plaintiffs here are Philip J. Strong, Philip J. Strong, Jr., Herbert A. Strong, and Dorothy S. Shealy. The defendants are the United States Army Corps of Engineers, Vicksburg District, by and through Douglas J. Kamien, P.E., in his official capacity as deputy of Programs and Project Management, and the Department of the Army. This case involves a dispute over erosion and bank caving on plaintiffs' real property, allegedly caused as a result of defendants' construction project. This court has concurrent jurisdiction with the United States Court of Federal Claims of actions against the United States or its agents by way of the Tucker Act, Title 28 U.S.C. § 1346.[3] For the reasons that follow, this court grants defendants' motion to dismiss and, in the alternative, for summary judgment. All other pending motions are, hereby, rendered moot.

## I. Pertinent Facts and Procedural Posture

Plaintiffs own real property in Copiah County, Mississippi. This property borders Carter Hill Road and the public waterway/river known as Bayou Pierre. During the fall of 2002, plaintiffs and the Copiah County Board of Supervisors entered into an easement agreement regarding the aforementioned real estate. The purpose of said easement was to access Bayou Pierre across plaintiffs' real estate.

In July of 2002, the defendant, Army Corp of Engineers, contracted with the Copiah County Board of Supervisors to undertake an effort to manipulate and/or change the natural flow or drainage of Bayou Pierre, purportedly to effect its passageway through a public bridge over the Carter Hill Road. Plaintiffs allege the defendant, Army Corp of Engineers, and the Copiah County Board of Supervisors agreed, in connection with the easement, to prevent any damage to plaintiffs' real property.

Plaintiffs filed their complaint on May 24, 2004, alleging breach of contract, negligence, violation of due process, and conversion. Defendants filed their motions to dismiss, for summary judgment and to strike plaintiffs' request for a jury trial on December 22, 2004.

adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

3. Title 28 U.S.C. § 1346(a) provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of ... (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

## II. Relevant Law and Application Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); rather, "it is the province of the jury to access the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." *Id.* Summary judgment is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962). Facts that are irrelevant or unnecessary to a decision are "non-material" and do not prevent summary judgment. *Anderson*, 477 U.S. at 242, 106 S.Ct. 2505; *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265 (5th Cir.1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1297 (5th Cir.1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In response to a motion for summary judgment, the non-moving party is required to respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted. *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir.1988). That said, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir.1982).

### Motion to Dismiss

Defendants submit Rules 12(b)(1) [4] and (6) [5] as the basis for their challenge under

---

**4.** Rule 12(b)(1), Federal Rules of Civil Procedure provides:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter ...

**5.** Rule 12(b)(6), Federal Rules of Civil Procedure provides:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted ...

their motion to dismiss. A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges a complaint on the basis that it fails to state a claim upon which relief can be granted. Rule 12(b)(6) motions to dismiss are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). To avoid dismissal, the plaintiff's pleadings must show specific, well-pleaded facts, not mere conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). The court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995). The court focuses on whether the plaintiff has a right to offer evidence to support his claims, rather than on whether he will succeed on those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### *Analysis*

### Filing Claims with the Appropriate Agency

■ Defendants claim plaintiffs failed to pursue their tort claims of negligence and conversion against them, a federal agency, in accord with proper procedure, thereby contravening the Federal Tort Claims Act.[6] Further, defendants contend that plaintiffs should have filed their claims with the appropriate agency so as to have provided the purported governmental defendants with notice. *Rise v. U.S.*, 630 F.2d 1068, 1071 (5th Cir.1980).

In *Rise*, the Fifth Circuit held that so long as a claim is submitted to the appropriate agency, related claims not specifically mentioned would still be viable, since the government would have notice to investigate such claims. *Id.*

Plaintiffs *sub judice* claim that constructive notice was provided to the Army Corp of Engineers by way of an inquiry meeting at the construction site, said meeting attended by Philip Strong; Copiah County Board of Supervisors representatives; and personnel of the Army Corp of Engineers, Vicksburg District. Plaintiffs argue that constructive notice is all that is required to

---

**6.** Federal Tort Claims Act, 28 U.S.C. § 2675(a) provides:

§ 2675. Disposition by federal agency as prerequisite; evidence

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counter-claim.

put the Army Corp of Engineers on notice of plaintiffs' claims against it, relying on *Danowski by Danowski v. U.S.*, 924 F.Supp. 661 (D.N.J.1996).

*Danowski*, and the cases cited therein, are distinguishable, however. In *Danowski*, the claimants filed a form with the proper agency. What was at issue there was the notice status of additional, related claims. *Id.* at 667–670.

In this case, plaintiffs did not file a formal, written claim with the appropriate agency; rather, plaintiff, Philip Strong, met with the Copiah County Board of Supervisors and defendant, Army Corp of Engineers, at the construction site regarding Philip Strong's concerns over erosion and bank caving. Since plaintiff did not file an appropriate claim, plaintiffs cannot rely upon the *Danowski* jurisprudence relative to constructive notice of additional, related claims, since here no base claim exists to which to relate the additional claims. The applicable Fifth Circuit case law provides that additional, related claims do not have to be explicitly listed, but in all cases some claim has to be submitted to form the basis of constructive notice of the other claims. *Rise*, 630 F.2d at 1069–70.

Plaintiffs did not file an appropriate claim. Consequently, this court grants defendants' motions for dismissal and summary judgment and dismisses plaintiffs' tort claims of negligence and conversion.

## Tucker Act Jurisdiction

 This court has concurrent jurisdiction over plaintiffs' remaining claims for breach of contract and violation of due process with the United States Court of Federal Claims of actions for damages up to $10,000.00 against the federal government, pursuant to the Tucker Act, Title 28 U.S.C. § 1346; *U.S. v. Intervest Corp.*, 67 F.Supp.2d 637, 643 (S.D.Miss.1999). The United States Court of Federal Claims has exclusive jurisdiction of claims against the federal government above $10,000.00. *Id.*

Still, even where a claim could exceed the sum of $10,000.00, the district court may proceed with the litigation in a certain instance as shown in *Roedler v. Dep't of Energy*, 255 F.3d 1347, 1351 (Fed.Cir. 2001). That court held as follows:

A district court may permit multi-plaintiff Little Tucker Act cases to proceed when each plaintiff waives recovery in excess of $10,000, even when potential liability exceeds $10,000. *Saraco v. United States*, 61 F.3d 863, 864 (Fed.Cir. 1995). *See also, e.g.*, *Smith v. Orr*, 855 F.2d 1544, 1552 (Fed.Cir.1988) (a Little Tucker Act case may proceed in the district court if recovery is limited to $10,000).

Defendants argue that plaintiffs seek monetary relief in excess of the jurisdictional amount. Defendants further argue that plaintiffs cannot evade that fact by seeking injunctive relief in addition to their claim for monetary damages.

Having considered the arguments of the parties and matters of law, this court is convinced it does not have jurisdiction here over plaintiffs' claims of breach of contract and due process. First, plaintiffs request damages for repair of water-damaged real property. Such a request presents a significant probability of recovery in excess of the jurisdictional requirement. Secondly, plaintiffs have not waived recovery in excess of the jurisdictional requirement. Additionally, defendants contend, correctly, that the Tucker Act does not vest this court with jurisdiction of plaintiffs' claims for negligence and conversion, since under the Tucker Act claims are limited to those not arising from damages in tort. Title 28 U.S.C. § 1346(a)(2). Therefore, under the Tucker Act, this court would not have jurisdiction of plaintiffs' negligence and conversion claims as they arise in tort.

### Conclusion

Pursuant to the above discussion, this court is persuaded to grant defendants' motions for dismissal and for summary judgment. Accordingly, this court dismisses plaintiffs' claims for negligence, conversion, breach of contract and violation of due process. All other pending motions are, hereby, rendered moot.