# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2018

Lyle W. Cayce
Clerk

OSCAR E. CANAS,

　　Plaintiff - Appellant

v.

NATIONAL OILWELL VARCO, L.P.,

　　Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1864

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

　　Oscar Canas, a native of El Salvador, worked for National Oilwell Varco ("NOV") as a machine shop supervisor from June 9, 2014, until he was demoted to a machinist on March 9, 2015. On June 29, 2015, Canas brought this action alleging that his demotion resulted from discrimination on the basis of his national origin and retaliation for filing a complaint with management. On

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20024

December 17, 2017, the district court granted summary judgment in favor of NOV on both claims. We now affirm.

I.

Canas claims that he was demoted as a result of national origin discrimination in violation of Title VII.[1] To establish a prima facie case of national origin discrimination, a plaintiff must ordinarily demonstrate that "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances."[2]

The first three factors are not at issue in this appeal, so we focus on the fourth. Canas claims that he was treated less favorably than the other overnight machine shop supervisor, a non-Salvadoran man named Joe Keating. After Canas was demoted, Keating assumed his supervisory responsibilities without additional pay.

The district court concluded that Keating was not "an employee in a similar situation as Canas, who was treated more favorably than Canas." We agree. The record does not show that Canas and Keating were "similarly situated employees." Specifically, the record does not show that Canas and Keating had "essentially comparable violation histories."[3] During his tenure as a supervisor, Canas was the subject of multiple employee complaints for

---

[1] In the district court, Canas alleged two adverse employment actions: (1) his demotion from supervisor to machinist and (2) NOV's failure to properly investigate the incident that led to his demotion. On appeal, Canas focuses solely on his demotion.

[2] *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

[3] *Id.* at 260. This is not to say that the comparator must have "the identical number of identical infractions," but that the infractions should typically be of "comparable seriousness." *Id.* at 261.

harassment and unwanted physical contact. Where the "difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer, the employees are not similarly situated for purposes of an employment discrimination analysis."[4] Because Canas has not provided any evidence that Keating had a similar disciplinary record, he has not shown that they are similarly situated.

On appeal, Canas also argues that the district court's reliance on the fourth factor was "overly mechanical and limited," and that he should not have to provide a comparator to make out a prima facie case of discrimination.[5] Canas is correct that "[w]hile proof of all four of the *McDonnell Douglas* criteria will establish a circumstantial prima facie case, such proof is not the exclusive means of establishing a plaintiff's preliminary burdens."[6] We have held that when a plaintiff cannot identify a similarly situated employee, he may still be able to establish a prima facie case by proving "that it was 'more likely than not that the employer's actions were based on illegal discriminatory criteria.'"[7]

Even so, Canas points to nothing in the record to meet that burden. In his response to the motion to dismiss, Canas claimed that management "began to engage in a pattern of planning and fabricating pretextual reasons to criticize [his] performance and actions" and "embarked on a course of action designed and intended to create a justification for disciplinary action against defendant," but he did not point to any support for his claims in the record. [8]

---

[4] *Id.* at 260 (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001)) (internal quotation marks omitted).

[5] Blue Br. at 10.

[6] *Jatoi v. Hurst-Euless-Bedford Hosp. Auth.*, 807 F.2d 1214, 1219 (5th Cir. 1987). *See also Byrd v. Roadway Exp., Inc.*, 687 F.2d 85, 86 (5th Cir. 1982) ("[A]s this Court and the Supreme Court have repeatedly pointed out, no single formulation of the prima facie evidence test may be fairly expected to capture the many guises in which discrimination may appear.").

[7] *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 344 (5th Cir. 1990) (quoting *Jatoi*, 807 F.2d at 1220).

[8] ROA.552.

No. 18-20024

Because Canas has not established a prima facie case of national origin discrimination, we affirm the district court's grant of summary judgment.

II.

Canas also claims that he was demoted in retaliation for filing a complaint with upper management. To establish a prima facie case of retaliation, Canas must show that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the materially adverse action.[9]

Canas has not met this burden. As the district court noted, Canas claimed that he was "demoted because he filed complaints about safety violations of his fellow employees." But complaining about safety violations is not protected activity under Title VII.[10] On appeal, Canas claims that he also complained about national origin discrimination prior to his demotion; however, that claim is not supported by the record. Canas was demoted on March 9, 2015. In his deposition, he stated that he reported that he had been the victim of national origin discrimination on March 16, 2015.[11] He said that was the first time he mentioned discrimination based on his national origin.[12] Later in the deposition, Canas said that he mentioned the discrimination "a couple of times" to his manager, but he did not specify when those conversations occurred.[13]

---

[9] *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008).

[10] *See, e.g., Green v. Trimac Transportation S., Inc.*, No. 1:10-cv-444, 2012 WL 12893294, at *16 (E.D. Tex. Sept. 12, 2012), *aff'd sub nom. Green v. Trimac Transpo., Inc.*, 546 F. App'x 333 (5th Cir. 2013) (per curiam) (unpublished).

[11] ROA.460.

[12] ROA.461.

[13] ROA.540.

No. 18-20024

We see no evidence in the record to support Canas's claim that he complained about national origin discrimination before his demotion, or that otherwise establishes a causal connection between any protected activity and his demotion.[14] We thus affirm the district court's grant of summary judgment.

---

[14] In fact, Canas's own statements during his deposition posit that he was retaliated against for reporting safety violations; he said that "was complaining about safety; and because [he] was complaining, they retaliated." ROA.541.